Daniel P. Larsen, OSB No. 943645
dlarsen@buchalter.com
BUCHALTER, A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

R. Charles Henn Jr. (*pro hac vice*)
chenn@ktslaw.com
Charles H. Hooker III (*pro hac vice*)
chooker@ktslaw.com
Bethany R. Nelson (*pro hac vice*)
brnelson@ktslaw.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, an Oregon corporation; and **ADIDAS AG**, a foreign entity,<br><br>    Plaintiffs,<br><br>  v.<br><br>**EDIKTED LLC**, a Delaware limited liability company,<br><br>    Defendant. | Case No. 3:25-cv-01255-IM<br><br>**PLAINTIFFS' ANSWER TO EDIKTED LLC'S COUNTERCLAIM** |

## ANSWER TO COUNTERCLAIM

Plaintiffs and Counter-Defendants adidas America, Inc. and adidas AG (collectively, "adidas") answer the Counterclaim asserted by Defendant Edikted LLC ("Edikted") as follows:

1- PLAINTIFFS' ANSWER TO EDIKTED LLC'S COUNTERCLAIM

## NATURE OF THE ACTION

1. adidas denies the allegations in Paragraph 1.

2. adidas admits that it owns federal trademark registrations for its famous Three-Stripe Mark on apparel and footwear, including incontestable Registration No. 4,910,643. adidas's trademark registrations speak for themselves. adidas denies the remaining allegations in Paragraph 2.

3. adidas admits that it has alleged that certain designs featuring stripes infringe its rights in the Three-Stripe Mark and that it has successfully defended and enforced its rights in its Three-Stripe Mark. adidas further admits it has alleged that certain designs featuring stripes sold by Edikted infringe adidas's rights in the Three-Stripe Mark. adidas denies the remaining allegations in Paragraph 3.

4. adidas lacks knowledge or information sufficient to form a belief as to why Edikted has brought a counterclaim, and therefore denies these allegations and the remaining allegations in Paragraph 4.

## THE PARTIES

5. adidas admits the allegations in Paragraph 5.

6. adidas admits the allegations in Paragraph 6.

7. adidas admits that adidas America, Inc. is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 5055 N. Greeley Avenue, Portland, OR 97217. adidas denies that adidas America, Inc. is wholly owned by adidas AG, because it is wholly owned by adidas North America, Inc., a non-public Delaware corporation which is wholly owned by adidas AG. adidas admits that adidas America, Inc. is, among other things, a licensed and authorized distributor of adidas-branded merchandise.

## JURISDICTION AND VENUE

8. adidas admits the allegations in Paragraph 8 that this Court has subject matter jurisdiction over this action.

9. adidas admits the allegations in Paragraph 9 that this Court has personal jurisdiction over adidas, because adidas initiated the present action in the District of Oregon.

10. adidas admits the allegations in Paragraph 10 that venue is proper in this District.

## FACTS COMMON TO ALL COUNTS

11. adidas admits that it filed its Complaint against Edikted on July 16, 2025, asserting claims for, *inter alia*, trademark infringement, unfair competition, and trademark dilution, as well as state and common law violations. adidas denies the allegations in Paragraph 11 to the extent they suggest that adidas's claims are based solely on Edikted's use of two and four stripes on apparel.

12. adidas admits that it asserted its incontestable Registration No. 4,910,643 for its Three-Stripe Mark, among other registrations (and common law rights), in its operative Complaint. adidas denies the allegations in Paragraph 12 to the extent they suggest that Registration No. 4,910,643 does not show an execution of the Three-Stripe Mark or is otherwise invalid.

13. adidas admits that Edikted claims its conduct does not infringe adidas's rights in the Three-Stripe Mark. adidas denies the remaining allegations in Paragraph 13 because adidas maintains that Edikted has in fact infringed adidas's rights in the Three-Stripe Mark.

14. adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15. adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16. adidas admits that Edikted appears to operate an e-commerce website, https://www.edikted.com, and sell its products online and through brick-and-mortar outlets, including through a store in New York City. adidas further admits that Edikted appears to market and sell apparel on Instagram and TikTok and at Nordstrom, Tilly's, Macy's, and Bloomingdale's. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore denies them.

17. The articles Edikted cites speak for themselves. adidas otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18. adidas denies the allegations in Paragraph 18 to the extent they insinuate Edikted had no intent to infringe adidas's rights in its Three-Stripe Mark. adidas otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19. adidas admits that adidas AG owns federal trademark registrations for its famous Three-Stripe Mark on apparel and footwear, including Registration Nos. 870,136, 961,353, 1,815,956, 1,833,868, 2,016,963, 2,058,619, 2,278,589, 2,278,591, 2,284,308, 2,909,861, 2,999,646, 3,029,127, 3,029,129, 3,029,135, 3,087,329, 3,183,656, 3,183,663, 3,236,505, and 4,910,643. These registrations, which all show executions of the Three-Stripe Mark, are valid and speak for themselves. adidas further admits that Edikted refers to these registrations as the "Three-Stripe Registrations."

20. adidas's federal trademark registrations for its famous Three-Stripe Mark speak for themselves adidas otherwise denies the allegations in Paragraph 20 to the extent they are inconsistent with those registrations or quote material from those registrations out of context.

21. adidas admits that it has successfully defended and enforced its rights in its Three-Stripe Mark. adidas denies the remaining allegations in Paragraph 21.

22. adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them. adidas further denies the allegations in Paragraph 22 to the extent they suggest (a) that Registration No. 4,910,643 is invalid or should be cancelled, or (b) that adidas lacks trademark rights in its Three-Stripe Mark.

23. adidas admits that Edikted has used stripe designs that are confusingly similar to adidas's Three-Stripe Mark, for which adidas owns registered and common law rights. adidas denies that it is aware of "many other third parties" using the Three-Stripe Mark as it appears in Registration No. 4,910,643. adidas further denies that it uses the Three-Stripe Mark decoratively or as mere ornamentation. adidas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies them.

24. adidas admits that it has alleged that certain designs featuring stripes, including designs featuring stripes sold by Edikted, infringe its rights in the Three-Stripe Mark. adidas further admits that it has diligently and successfully defended and enforced its rights in its Three-Stripe Mark. adidas denies the remaining allegations in Paragraph 24.

25. adidas admits that it has alleged that certain designs featuring stripes, including designs featuring stripes sold by Edikted, infringe its rights in the Three-Stripe Mark. adidas further admits that it has diligently and successfully defended and enforced its rights in its Three-Stripe Mark, including in proceedings before the Trademark Trial and Appeal Board. adidas

states that its trademark proceedings speak for themselves. adidas denies the remaining allegations in Paragraph 25.

26. adidas denies the allegations in Paragraph 26.

27. adidas admits that it has alleged that certain designs featuring stripes infringe its rights in the Three-Stripe Mark and that it has successfully defended and enforced its rights in its Three-Stripe Mark. adidas admits that it filed a Notice of Opposition to trademark Application No. 79172061 on October 31, 2016. The cited Notice of Opposition speaks for itself.

28. adidas admits that it filed a lawsuit against Thom Browne, Inc. for, *inter alia*, trademark infringement and dilution of adidas's Three-Stripe Mark. adidas further admits that it has appealed the final verdict in that lawsuit. The filings, orders, and verdicts in that case speak for themselves. adidas denies the remaining allegations in Paragraph 28, including to the extent they suggest that adidas lacks rights in its Three-Stripe Mark.

29. adidas admits that it has alleged that certain designs featuring stripes infringe its rights in the Three-Stripe Mark and that it has successfully defended and enforced its rights in its Three-Stripe Mark. The Court's order in *adidas-America, Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029 (D. Or. 2008), speaks for itself. adidas denies the remaining allegations in Paragraph 29.

30. adidas admits that it filed the above-captioned lawsuit against Edikted for, *inter alia*, trademark infringement of adidas's Three-Stripe Mark. adidas further admits that it owns Registration No. 4,910,643 for its Three-Stripe Mark. Registration No. 4,910,643 speaks for itself. adidas denies the remaining allegations in Paragraph 30.

31. adidas denies the allegations in Paragraph 31.

## COUNT 1
### (Cancellation of Federal Trademark Registration No. 4,910,643)

32. adidas repeats and reasserts its responses to Paragraphs 1–31, as set forth above.

33. adidas admits that Edikted purports to assert a claim pursuant to 15 U.S.C. §§ 1064 and 1119. However, adidas denies the allegations in Paragraph 33 to the extent they suggest that adidas's Registration No. 4,910.643 is invalid or should be cancelled.

34. adidas admits that it filed an application to register the trademark depicted in Paragraph 34 of the Counterclaim on February 4, 2014. adidas denies the remaining allegations in Paragraph 34 to the extent they insinuate that Registration No. 4,910,643 is not a valid registration for the Three-Stripe Mark or does not depict an execution of the Three-Stripe Mark.

35. adidas admits that Application No. 79/148,498 was based on an international trademark application, IR No. 0300804, and states that the applications speak for themselves. adidas further admits that on January 3, 2015, adidas AG submitted a description of the applied-for mark to comply with USPTO specific requirements, and states that the description speaks for itself. adidas denies the remaining allegations in Paragraph 35 to the extent they insinuate Registration No. 4,910,643 is not a valid registration for the Three-Stripe Mark or does not depict an execution of the Three-Stripe Mark.

36. adidas admits that Registration No. 4,910,643 depicts three stripes and states that the registration speaks for itself. adidas denies the remaining allegations in Paragraph 36 to the extent they insinuate Registration No. 4,910,643 is not a valid registration for the Three-Stripe Mark or does not depict an execution of the Three-Stripe Mark.

37. adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 concerning third parties, and therefore denies them. adidas

further denies the remaining allegations in Paragraph 37 because adidas's Three-Stripe Mark serves as a source indicator for adidas's goods.

38. adidas denies the allegations in Paragraph 38.

39. adidas denies the allegations in Paragraph 39 to the extent they assert that Registration No. 4,910,643 is not a valid registration for the Three-Stripe Mark or does not depict an execution of the Three-Stripe Mark. Registration No. 4,910,643 speaks for itself. adidas denies the allegations in Paragraph 39 to the extent they are inconsistent with that registration or adidas's prosecution of the application that resulted in Registration No. 4,910,643.

40. adidas admits that on September 8, 2022, adidas AG filed a Section 71 Declaration of Continued Use for the Three-Stripe Mark execution shown in Registration No. 4,910,643. The Section 71 Declaration submitted by adidas AG speaks for itself. adidas admits that the Section 71 Declaration was signed by Sarah Talbot, Vice President – Trademark Counsel at adidas AG, and by Aline Olie, Director – Trademark Counsel at adidas AG, under oath. adidas denies the remaining allegations in Paragraph 40 to the extent they suggest that Registration No. 4,910,643 is not a valid registration for the Three-Stripe Mark or does not depict an execution of the Three-Stripe Mark.

41. adidas admits that the photographs depicted in Paragraph 41 were included in adidas AG's September 8, 2022 Section 71 Declaration of Continued Use. The September 8, 2022 Declaration submitted by adidas AG speaks for itself. adidas denies the remaining allegations in Paragraph 41.

42. adidas admits that Edikted purports to attach as Exhibit B images of clothing designs. adidas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 concerning third parties and therefore denies them. adidas denies the

allegations in Paragraph 42 to the extent they suggest that Registration No. 4,910,643 is not a valid registration for the Three-Stripe Mark or does not depict an execution of the Three-Stripe Mark.

43. adidas denies the allegations in Paragraph 43.

44. adidas denies the allegations in Paragraph 44.

45. adidas denies the allegations in Paragraph 45.

46. adidas denies the allegations in Paragraph 46.

47. The statutory language contained in 15 U.S.C. § 1064 speaks for itself. adidas otherwise denies the allegations in Paragraph 47, including to the extent they suggest that Registration No. 4,910,643 should be cancelled.

48. The statutory language contained in 15 U.S.C. § 1064 speaks for itself. adidas otherwise denies the allegations in Paragraph 48, including to the extent they suggest that Registration No. 4,910,643 should be cancelled.

49. adidas denies the allegations in Paragraph 49.

50. adidas denies the allegations in Paragraph 50.

## **GENERAL DENIAL**

Except as expressly admitted, qualified, or otherwise answered, adidas denies each and every matter, thing, allegation, or averment in Edikted's Counterclaim.

## **AFFIRMATIVE DEFENSES**

Without shifting or waiving Edikted's burden to prove all elements of the cause of action set forth in its Counterclaim, adidas asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
(Incontestability)

Edikted's Counterclaim is based on allegations that the Three-Stripe Mark as depicted in Registration No. 4,910,643 is "merely decorative and/or ornamental," and thus "fails to function as a trademark" because it does "not serve as a source indicator." Edikted's Counterclaim is therefore barred by 15 U.S.C. §§ 1115 and 1064 because Registration No. 4,910,643 has been registered for more than five years, adidas filed a Declaration of Incontestability under Section 15 of the Lanham Act, and the Registration is incontestable.

## SECOND AFFIRMATIVE DEFENSE
(Noerr-Pennington)

Edikted's Counterclaim is based on allegations that adidas has misused its rights in the Three-Stripe Mark to bring litigation and enforcement actions and in so doing "has undertaken anticompetitive efforts to monopolize common design features in the fashion industry by trying to claim that any number of stripes on apparel (including two and four-striped apparel) allegedly infringe [a]didas'[s] purported Three-Stripe Mark." Similarly, the Counterclaim alleges that adidas has engaged in "over-zealous enforcement efforts" to obtain "monopoly power" and that "[a]didas's enforcement tactics are part of a strategy to intimidate competitors and seek to maintain monopoly power." Edikted's Counterclaim is, therefore, barred by the *Noerr-Pennington* doctrine.

## THIRD AFFIRMATIVE DEFENSE
(Unclean Hands)

Edikted's Counterclaim is barred in whole or in part by the doctrine of unclean hands because Edikted acted with the intent to infringe adidas's Three-Stripe Mark or otherwise acted in bad faith, such that granting equitable relief would be unjust.

## ADIDAS'S PRAYER FOR RELIEF

WHEREFORE, adidas respectfully requests that the Court deny Edikted's cause of action set forth in its Counterclaim and grant to adidas the relief it seeks in its Complaint, as well as such other relief as the Court deems just and proper.

Respectfully submitted this 10th day of September, 2025.

          */s/ Daniel P. Larsen*
          Daniel P. Larsen, OSB No. 943645
          dlarsen@buchalter.com
          BUCHALTER, A Professional Corporation
          805 SW Broadway, Suite 1500
          Portland, OR 97205
          Telephone: 503.226.1191

          R. Charles Henn Jr. (*pro hac vice*)
          chenn@ktslaw.com
          Charles H. Hooker III (*pro hac vice*)
          chooker@ktslaw.com
          Bethany R. Nelson (*pro hac vice*)
          brnelson@ktslaw.com
          KILPATRICK TOWNSEND & STOCKTON LLP
          1100 Peachtree Street, Suite 2800
          Atlanta, GA 30309
          Telephone: 404.815.6500

          Attorneys for Plaintiffs